**PATRICK P. TOSCANO, JR.**
**Attorney at Law, LLC**
**80 Bloomfield Ave.**
**Suite 101**
**Caldwell, NJ   07006**
**Phone: 973-226-1691**
**Facsimile: 973-226-1693**
**E-Mail: ptoscano@pptlawfirm.com**
Attorney for Defendant, David Giordano

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLARESTINE BRAXTON, | Civil Action No.: 08-4218 (JLL-CCC) |
| Plaintiff, | |
| v. | **ANSWER, SEPARATE DEFENSES, COUNTERCLAIM AND REQUEST FOR TRIAL BY JURY** |
| THE CITY OF NEWARK and FIRE DIRECTOR DAVID J.GIORDANO NEWARK FIRE DEPARTMENT, Individually and in his official capacity, | |
| Defendants, | |
| And | |
| DAVID GIORDANO, | |
| Counterclaimant, | |
| v. | |
| CLARESTINE BRAXTON, | |
| Defendant. | |

Defendant, David Giordano, by and through his attorney, Patrick P. Toscano, Jr., by way of Answer to the Complaint and Counterclaim, states as follows:

## I. INTRODUCTION

1. Denied

## II. JURISDICTION

2. Admitted

3. Admitted

4. Denied

## III. VENUE

5. Admitted

## IV. PARTIES

6. Admitted

7. Admitted

8. Admitted

## V. FACTS

Paragraphs 9 through 41.    Denied

## COUNT I

This count has previously been dismissed/withdrawn by plaintiff's counsel subsequent to the filing of the complaint.

## COUNT II

Paragraphs 45 through 46 (plaintiff incorrectly impleaded two paragraph 45's). – Denied

## COUNT III

Paragraphs 47 through 49- Denied

## COUNT IV

Paragraphs 50 through 52- Denied

**WHEREFORE,** David Giordano demands judgment dismissing the within Complaint in its entirety, together with costs.

## SEPARATE/AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to maintain this action.

3. Plaintiff has failed to join a necessary or indispensable party without whom this action cannot proceed.

4. The Complaint fails to meet the pleading requirements of all relevant FRCP's.

5. The Complaint is barred by the doctrine of waiver.

6. The Complaint is barred by the doctrine of estoppel.

7. The Complaint is barred by the applicable statute of limitations.

8. Plaintiff's alleged damages are limited by the doctrine of avoidable consequences.

9. David Giordano once again invokes the safe harbor provisions of FRCP 11 and NJSA 2A:15-59.1.

10. Plaintiff's claims are barred due to unavoidable consequences.

11. Plaintiff has not been deprived of any right, privilege or immunity secured to it by the United States Constitution, any Act of Congress or any law of the State of New Jersey.

12. Plaintiff's claims are barred by Plaintiff's failure to mitigate its damages, if any.

13. Recovery is barred in this action, in whole or in part, by the contributory and/or comparative negligence of the Plaintiff.

14. Plaintiff lacks standing with respect to the allegations of the Complaint.

15. Plaintiff's claims are barred because David Giordano committed no act, nor failed to commit any act, that damaged Plaintiff.

16. Plaintiff's claims are barred due to insufficiency of process.

17. Plaintiff's claims are barred by the doctrine of unclean hands.

18. Plaintiff's claims are barred by the doctrine of waiver.

19. David Giordano had no duty to Plaintiff, either express or implied.

20. Plaintiff's claims have been instituted and maintained in bad faith and, therefore, David Giordano is entitled to attorney fees, cost of suit and such other relief as the Court deems proper.

21. David Giordano is entitled to qualified immunity.

22. David Giordano reserves the right to supplement these affirmative defenses up to and including time of trial.

23. Plaintiff has failed to exhaust all administrative remedies, and therefore, the claims are barred.

24. Plaintiff's complaint violates applicable law precluding frivolous lawsuits, and David Giordano reserves the right to seek reimbursement of counsel fees and costs.

25. At all relevant times herein, Giordano's decisions were the lawful exercise of management rights and do not give rise to any liability.

26. Plaintiff's claims must be dismissed for failure to exhaust administrative remedies.

27. David Giordano is entitled to qualified and absolute immunity pursuant to the Eleventh and Fourteenth Amendments of the United States Constitution.

28. David Giordano has not violated plaintiff's rights under 42 U.S.C. 1983.

## COUNTERCLAIM

### (FACTS RELEVANT TO ALL CLAIMS FOR RELIEF)

David Giordano, by way of counterclaim against Clarestine Braxton, states as follows:

29. All actions taken by David Giordano during the relevant time period were in full compliance with applicable law, rule and regulation. Plaintiff was and is fully aware of such.

30. For vicious/vindictive/immoral and/or improper reasons, plaintiff filed her complaint and wrongfully impleaded Giordano as a defendant therein. Her sole reason for doing

so is repugnant in nature, and she has abused the process, defamed Giordano and has inflicted severe emotional distress upon him.

31. David Giordano's reputation was flawless and pristine prior to these frivolous defamatory and unwarranted allegations made by plaintiff in a reckless and slipshod fashion.

### A. (MALICIOUS ABUSE OF PROCESS)

32. By virtue of what is recited above, Braxton has utilized the entire judicial process in a perverted/unlawful fashion so as to further her own personal agenda as against David Giordano.

### B. (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

33. By virtue of what is stated above, Braxton participated in extreme and outrageous conduct toward Giordano, which conduct resulted in severe emotional distress to Giordano.

### C. (DEFAMATION- LIBEL AND SLANDER)

34. Prior to and during all relevant times mentioned herein, including prior to this complaint being filed, Braxton orally and in writing made false statements, of and concerning Giordano.

35. These utterly defamatory/false statements were routinely published to third persons.

36. Special damages resulted from Braxton's actions, or her full statements resulted in a category wherein special damages need not be proven.

**WHEREFORE,** David Giordano, demands judgment as against Braxton for consequential damages, compensatory damages, punitive damages and any other relief this court deems appropriate, necessary and just.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to L.Civ.R. 8.1, David Giordano demands a written statement of the amount of damages claimed by plaintiff within ten (10) days of service of the within Answer.

## DEMAND FOR TRIAL BY JURY

Pursuant to F.R.C.P. 38(b), David Giordano respectfully requests a trial by jury as to all issues in the above entitled matter.

## DEMAND FOR PRODUCTION OF DOCUMENTS

TAKE NOTICE that David Giordano demands that plaintiff furnish to the undersigned within five (5) days from the service herein copies of all documents or papers referred to in the complaint.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Patrick P. Toscano, Jr. is hereby designated as trial counsel for David Giordano.

## CERTIFICATION

Pursuant to L.Civ.R. 11.2, the undersigned certifies and declares that the matter in controversy is not the subject of any other action pending in any other court or any pending arbitration or administrative proceeding.

DATED: November 24, 2008          By: _____
                                       **PATRICK P. TOSCANO, JR.**
                                       **Attorney for David Giordano**