IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CLARESTINE BRAXTON** : <br> 11 Baldwin Ave 2nd Floor : <br> Newark, NJ  07108, : <br>                                    **Plaintiff** : <br>        v. : <br> : <br> **THE CITY OF NEWARK,** : <br> 920 Broad Street : <br> Newark, NJ  07102 : <br> : <br>        and : <br> : <br> **FIRE DIRECTOR DAVID J. GIORDANO,** : <br> **NEWARK FIRE DEPARTMENT,** : <br> **Individually and in his official capacity** : <br> 1010 18th Avenue, 2d Floor : <br> Newark, NJ  07106, : <br>                                    **Defendants.** : <br> : | CIVIL ACTION NO.: 08-4218(JLL) <br><br><br><br> **AMENDED COMPLAINT** |

Plaintiff Clarestine Braxton, by and through her attorneys, Frost & Zeff, files this Complaint based upon the following statement of facts.

### I.   INTRODUCTION

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff, Clarestine Braxton (hereinafter referred to as "Plaintiff"), to redress the intentional violation by Defendant of the rights secured to her by the laws of the United States of America and the State of New Jersey.

### II.   JURISDICTION

2. Jurisdiction is conferred upon this court by 42 U.S.C. §§ 12101 *et seq.*, 42 U.S.C. §§ 1983, the First and Fourteenth Amendments to the United States Constitution,  N.J.S.A. 10:5 *et seq.*, and N.J.S.A. 34:19-1 *et seq.*, which provides original jurisdiction for Plaintiff's claims

arising under the laws of the United States and the State of New Jersey and other actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

    3.    Jurisdiction lies over state law claims based on the principles of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

    4.    The amount in controversy exceeds one hundred thousand dollars ($100,000).

### III. VENUE

    5.    All actions complained of herein have taken place within the jurisdiction of the United States District Court for the District of New Jersey and involve Defendants who reside within the jurisdictional limits.  Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

### IV. PARTIES

    6.    Plaintiff, Clarestine Braxton, is an adult individual who resides at the above listed address.  At all times material, Plaintiff was employed by Defendant City of Newark Fire Department.

    7.    Defendant, City of Newark is a municipal corporation of the State of New Jersey.

    8.    Defendant, David Giordano was at all time material hereto the Fire Director of the Newark Fire Department.  He is sued in his official and individual capacities.

### V. FACTS

    9.    Plaintiff has been an employee of the City of Newark Fire Department since

1999.

10. Plaintiff worked as a Inspector, Fire Prevention Specialist, until she was promoted to Supervisor, Fire Prevention Specialist in January, 2006.

11. On January 9, 2006, Plaintiff returned to work after being out sick for over a year, recuperating from open-heart surgery, valve replacement, and a second heart surgery.

12. As a result of her heart condition, Plaintiff can not climb stairs or walk for long periods of time without difficulty.

13. Plaintiff's position does not require physical exertion. As an Inspector and as a Supervisor, Plaintiff's position consisted of managing assignments for Fire Inspectors working in the field, writing reports, overseeing financial transactions, instructing Fire Inspectors, and generally managing the office.

14. On January 30, 2006, Plaintiff was promoted to Supervisor, Fire Prevention Specialist, as a result of her score on the Civil Service Examination and Certification. Plaintiff was permanently appointed to Supervisor by Executive Order of then Fire Director Lowell Jones on February 2, 2006, to be effective January 30, 2006.

15. At the next pay period after January 30, 2006, Plaintiff received a pay check that reflected her salary increase pursuant to her promotion. This continued throughout the month of February, 2006.

16. In March, 2006, Plaintiff's pay decreased to that of her previous position of Inspector, Fire Prevention Specialist. No changes in Plaintiff's work conditions or status precipitated the change of salary. Plaintiff asked Chief Payroll Clerk Brenda Porter why her salary decreased, and was told that there was no reason for the decrease in salary as Plaintiff's paperwork had been timely sent to the New Jersey State Department of Personnel.

17. After months of receiving a lesser salary, contrary to her promotion to the position of Supervisor, Plaintiff again asked Porter why she was no longer receiving her salary increase, to which Porter replied that someone had intentionally prevented Plaintiff's paperwork from being sent to the New Jersey Department of Personnel.

18. Plaintiff had previously learned that Fire Department employee Carolyn Harris had been demoted from Provisional Supervisor, Fire Prevention Specialist, to Inspector, Fire Prevention Specialist, and was being paid at the higher, Supervisor rate of pay, while Plaintiff held the Supervisor position and was being paid at the lower rate of pay as an Inspector. Furthermore, Harris failed the civil service exam for the position, and was not sufficiently qualified to perform the duties of Supervisor, Fire Prevention Specialist.

19. On August 25, 2006, Plaintiff met with Defendant Fire Director, David J. Giordano, and complained about the discrepancies in her title and salary and also complained about Harris. Defendant Giordano told Plaintiff that he would ensure she received her correct salary and title. Defendant admitted that Carolyn Harris was being paid at the Supervisor rate, stating that he was thinking of promoting Harris to Provisional Supervisor, "since she is getting paid for it anyway". Said promotion of Harris is a violation of the Department of Personnel Rules and Regulations regarding promotions.

20. Despite Giordano's representation to Plaintiff that he would rectify the error in Plaintiff's appointment, Plaintiff continued to be paid the lower salary. Plaintiff received an Inspector's salary of $48,656.52 per year, while Carolyn Harris, whom Plaintiff actually supervised, received a Supervisor's salary of $57,153.41. Had Plaintiff recieved a Supervisor's salary commensurate with her level of experience and government pay grade, her salary would have been approximately $58,000.

21.     In a letter dated August 25, 2006, Plaintiff informed the New Jersey Department of Personnel (NJDOP) of the discrepancies in her title and salary.  The NJDOP replied that their records did reflect that she had been appointed to Supervisor effective January 30, 2006, and that a certification for her eligibility for the position had been sent to the Fire Department on May 2, 2006, but the Department failed to return the certification.

22.     After Plaintiff complained and spoke out about Harris and her position, Plaintiff was required to climb stairs in order to punch in at the time clock located on the second floor.  Plaintiff worked on the first floor of the building and did not have a reason to climb to the second floor other than to use the time clock.

23.     The time clock for Fire Department Employees is located on the second floor.  Plaintiff is unable to climb the stairs due to her heart condition.  Previously, Fire Official James Stewart, Plaintiff's direct supervisor, would punch Plaintiff's time card when Plaintiff arrived for her shift.

24.     It was only after Plaintiff brought the discrepancy in her salary and title to Defendant Director Giordano's attention, Giordano demanded that Plaintiff climb the stairs to punch her own time card.  Furthermore, Defendant Giordano posted notices in the building that stated "No Punch, No Pay", as well as signs advising that employees who punched a time card other than their own would be terminated.  This policy was aimed at Plaintiff, who was not able to climb stairs due to her medical condition, in retaliation for speaking out about her position and Harris, and/or Defendants' desire to make Plaintiff's working conditions intolerable due to her disability.

25.     Plaintiff presented Defendant Giordano with a note from her doctor establishing that Plaintiff is restricted from climbing stairs or other physical exertion.  Defendant Giordano

told Plaintiff that she must go out on sick leave until she was physically able to punch the time card herself. Defendant Giordano then directed Plaintiff to see a doctor of Defendant's choosing.

26. Defendant was aware of Plaintiff's physical restrictions, knew that Plaintiff could perform the duties of a Supervisor, Fire Prevention Specialist, and knew that it was unnecessary for Plaintiff to climb stairs to the second floor in order to punch her own time card. Having this knowledge, Defendant, through Plaintiff's supervisor, made a reasonable accommodation by having Chief Stewart punch Plaintiff's time card.

27. Plaintiff, as ordered by Defendant Giordano, visited the City's Doctors who designated her able to perform the essential functions of her position, with restrictions.

28. On July 19, 2007, Defendant Director Giordano assigned Plaintiff to the Deputy Mayor's weekly Task Force, a physically demanding position that entails inspecting buildings, often in a hazardous state of disrepair. This duty is generally for Inspectors, not Supervisors. Furthermore, Defendants knew the assignment was in violation of the physician's restrictions upon Plaintiff.

29. Fire Official James Stewart, who is responsible for the Division of Fire Prevention and Life Safety, wrote to Defendant Giordano on July 23, 2007 to protest Plaintiff's reassignment to the task force. Stewart stated that the reassignment was unwise, unnecessary, arbitrary and punitive.

30. On July 27, 2007, Defendant Giordano replied to Stewart. Defendant wrote, "Inspector Braxton is not a Supervisor; she is a Fire Inspector according to the Department of Personnel of the State of New Jersey ... Please inform her that she is to be dressed in the proper Inspectors uniform not a Supervisors uniform".

31. Plaintiff next wrote to Defendant Giordano to remind him of his previously expressed intent to rectify the situation regarding Plaintiff's promotion to Supervisor.

32. Plaintiff did not receive a response from Defendant Giordano.

33. Plaintiff went out on stress leave due to the intolerable working conditions, at the urging of her cardiologist, effective July 28, 2007.

34. A new civil service examination for the Supervisor, Fire Prevention Specialist position was promulgated on July 30, 2007. No notice was posted in the Fire Department. A co-worker alerted Plaintiff of the examination date, and Plaintiff took the examination.

35. The examination was based solely on seniority. Plaintiff, who was the most senior employee in the Division of Fire Prevention, was ranked first on the exam. Carolyn Harris was ranked second. Nevertheless, Defendant Giordano appointed Harris provisionally and formally demoted Plaintiff to Inspector. This appointment was in retaliation for Plaintiff's speaking out and in violation of civil service regulations and in violation of the Americans with Disabilities Act, 42 U.S.C. § § 12203(a) *et seq.*, as previously set forth in paragraph 24.

36. This examination was a pretext for Defendants' failure to promote Plaintiff since she lawfully should have been promoted in February 2006.

37. Plaintiff remained out on stress leave. Plaintiff presented a doctor's note through her chain of command on August 1, 2007, directing her not to return to work due to stress.

38. Plaintiff had no intention to resign, but due to the actions of Defendant, as set forth in this Complaint, Plaintiff filed for her retirement and pension benefits based on disability in March of 2008.

39. The actions of Defendant made the terms and conditions of Plaintiff's employment intolerable and constitute a constructive discharge.

40. On April 16, 2008, she was brought up on charges for being absent without leave, constituting a Resignation Not in Good Standing.

41. Plaintiff's disability retirement became effective May 1, 2008.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § § 12101 *et seq.*

42. Plaintiff incorporates by reference the preceding allegations paragraphs 1 - 41 of this Complaint as though each were individually set forth herein at length.

43. The actions of Defendants constitute a violation of the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*

44. Defendants retaliated against Plaintiff due to her opposition to Defendants' violations of The Americans With Disabilities Act, in that Defendants transferred Plaintiff to a position which she could not perform with medical restrictions. Such retaliation is in violation of 42 U.S.C. § 12203(a).

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

    a. Enter a declaratory judgment that Defendants' discriminatory acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by federal and state legislative enactments and the common law, public policy and the United States and New Jersey Constitutions.

    b. Award Plaintiff compensatory damages including, but not limited to: pain, suffering, emotional distress, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits, medical

    expenses and other damages;

c. Award reasonable costs and attorney's fees;

d. Award punitive damages, and;

e. Grant any other relief this Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION
## N.J.S.A. 10:5 *et seq.* - DISABILITY

45. Plaintiff incorporates by reference the preceding allegations of paragraphs 1-44 of this Complaint as though each were individually set forth herein at length.

45. Defendant's actions aforesaid violate the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* in that Plaintiff has been discriminated against on account of her disability.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

a. Enter a declaratory judgment that Defendants' discriminatory acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by federal and state legislative enactments and the common law, public policy and the United States and New Jersey Constitutions.

b. Award Plaintiff compensatory damages including, but not limited to: pain, suffering, emotional distress, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits, medical expenses and other damages;

c. Award reasonable costs and attorney's fees;

d. Award punitive damages, and;

e.       Grant any other relief this Court deems just and proper under the circumstances.

## COUNT III
## VIOLATION OF THE CONSCIENTIOUS EMPLOYEE PROTECTION ACT
## N.J.S.A. 34:19-1 *et seq.*

47.      Plaintiff incorporates by reference the preceding allegations of paragraphs 1-46 of this Complaint as though each were individually set forth herein at length.

48.      The actions of Defendants described above in harassing Plaintiff regarding her medical restrictions and reasonable accommodation, failing to pay Plaintiff according to her promotion to the position of Supervisor, and ultimately, in constructively discharging her, were in direct retaliation for Plaintiff's speaking out against and reporting the Department's failure to appoint her pursuant to the Civil Service Examination and the Executive Order of the Fire Director, and Defendant's appointment of an employee not qualified or eligible for the position of Supervisor, Fire Prevention Specialist.

49.      Defendants' actions violate the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et. seq.*

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.      Enter a declaratory judgment that Defendants' retaliatory acts complained of herein have violated and continue to violate the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et. seq.*;

b.      Enjoin Defendants from continuing retaliatory practices;

c.      Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

      d.      Award reasonable costs and attorney's fees;

      e.      Award punitive damages; and

      f.      Grant any other relief this Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF NEW JERSEY LAW AGAINST RETALIATION
## N.J.S.A. 10:5-12(d)

50.    Plaintiff incorporates by reference the preceding allegations of paragraphs 1-46 of this Complaint as though each were individually set forth herein at length.

51.    Defendants retaliated against Plaintiff due to her opposition to Defendants' violations of The Americans With Disabilities Act, in that Defendants transferred Plaintiff to a position in which she could not perform with her medical restrictions. Such retaliation is in violation of N.J.S.A. § 10:5-12(d).

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

      a.      Enter a declaratory judgment that Defendants' retaliatory acts complained of herein have violated and continue to violate the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et. seq.*;

      b.      Enjoin Defendants from continuing retaliatory practices;

      c.      Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

      d.      Award reasonable costs and attorney's fees;

      e.      Award punitive damages; and

  f. Grant any other relief this Court deems just and proper under the circumstances.

## COUNT V
## VIOLATION OF NEW JERSEY LAW UNLAWFUL DISCHARGE

 52. Plaintiff incorporates by reference the preceding allegations of paragraphs 1-46 of this Complaint as though each were individually set forth herein at length.

 53. Defendants constructively discharged Plaintiff, unlawfully, for exercising her legal right to file a complaint.

 WHEREFORE, Plaintiff respectfully requests this Honorable Court:

  a. Enter a declaratory judgment that Defendants' retaliatory acts complained of herein have violated and continue to violate the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et. seq.*;

  b. Enjoin Defendants from continuing retaliatory practices;

  c. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

  d. Award reasonable costs and attorney's fees;

  e. Award punitive damages; and

  f. Grant any other relief this Court deems just and proper under the circumstances.

## COUNT IV
## 42 U.S.C. § 1983
## FIRST AMENDMENT VIOLATIONS

54. Plaintiff incorporates by reference the preceding allegations of paragraphs 1-49 of this Complaint as though each were individually set forth herein at length.

55. Defendants violated the provisions of 42 U.S.C. § 1983, in that Defendants, acting under color of State law, deprived Plaintiff of the privileges and immunities secured to her by the First and Fourteenth Amendments of the United States Constitution and, in particular, her right to hold employment without infringement of her First Amendment right to freedom of speech.

56. Defendants intentionally, wilfully, and recklessly denied Plaintiff the title that she had been granted and then kept Plaintiff at the lower pay rate of her former position for approximately 1 ½ years thereby depriving her of substantial income, as well as denying Plaintiff reasonable accommodation for her medical condition in order to deny Plaintiff her First Amendment right to free speech and to retaliate against Plaintiff for speaking out about Harris and Defendants' failure to promote Plaintiff.

57. Defendants' actions were to penalize and retaliate against Plaintiff for her exercise of fundamental First Amendment rights.

    WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a. Enter a declaratory judgment that Defendants' retaliatory acts complained of herein have violated and continue to violate the rights of Plaintiff as secured by the United States Constitution;

b. Enjoin Defendants from continuing retaliatory practices;

c. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

d.	Award reasonable costs and attorney's fees;

e.	Award punitive damages; and

f.	Grant any other relief this Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**MARK B. FROST & ASSOCIATES**
Attorneys for Plaintiffs

BY:	/s/*Emily K. Murbarger*
EMILY K. MURBARGER, ESQUIRE

DATED: April 19, 2010

## **CERTIFICATION**

Pursuant to Rule 4:5-1, the undersigned, of full age, hereby certifies that:

1. I am an attorney of the State of New Jersey and I am the attorney principally charged with handling this matter;

2. To the best of my knowledge and information, the within action is not the subject of any other action pending in any Court, or any arbitration proceedings contemplated;

3. To the best of my knowledge and information, there are no other parties who should be joined in this action at this time; and

4. This Certification is provided pursuant to the requirements of Rule 4:5-1.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**MARK B. FROST & ASSOCIATES**

Attorneys for Plaintiffs


BY:     /s/*Emily K. Murbarger*
EMILY K. MURBARGER, ESQUIRE
MARK B. FROST & ASSOCIATES

DATED: April 19, 2010

Please take notice that pursuant to Rule 4:25-4, Emily K. Murbarger, Esquire is hereby designated as trial counsel in the above-captioned matter on behalf of the Firm of Mark B. Frost & Associates.

**MARK B. FROST & ASSOCIATES**

Attorneys for Plaintiffs


BY: _____/s/*Emily K. Murbarger*_____
EMILY K. MURBARGER, ESQUIRE
MARK B. FROST & ASSOCIATES

DATED: April 19, 2010